IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM A. WHITE, #13888-084,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-00968-JPG |
| ) | |
| **U.S.A.,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Now before the Court for consideration is Plaintiff William White's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. 27) filed on February 10, 2020. This is the fourth motion White has filed since the Court dismissed the underlying action on November 22, 2016. For the reasons set forth herein, the Motion is **DENIED**.

**Background**

White commenced this action pursuant to the Federal Tort Claims Act ("FTCA") on August 29, 2016. (Doc. 1). In the Complaint, he alleged torture, negligence, breach of duty, and intentional infliction of emotional distress caused by officials in the Federal Bureau of Prisons ("BOP"). (*Id*.). His claims arose from events that occurred at ten facilities from 2008-2015. (*Id*.).

The Complaint did not survive screening pursuant to 28 U.S.C. § 1915A. (Doc. 15). The Court identified thirteen separate claims. (*Id*. at 6-7). Counts 1-2, 4-8, and 13 were dismissed with prejudice as being time-barred and for failure to exhaust administrative remedies before filing suit. (*Id*. at 13). Counts 3 and 9-12 were dismissed without prejudice for failure to timely exhaust administrative remedies before bringing suit. (*Id*.). The case was closed on November 22, 2016. (Docs. 15-16).

1

White filed numerous post-judgment motions, including a Motion for Reconsideration on December 5, 2016 (Doc. 17) ("first motion"), a Motion to Alter or Amend Judgment on August 21, 2017 (Doc. 24) ("second motion"), and a Motion to Amend the Motion to Alter or Amend Judgment on August 25, 2017 (Doc. 25) ("third motion"). The first motion was granted in part and denied in part, resulting in the Court's entry of the following Amended Judgment on August 10, 2017:

> IT IS ORDERED that Plaintiff shall recover nothing, and the action be DISMISSED on the merits with prejudice as to Counts 1-2, 4-8, and 13 to the extent that the relevant agency for purposes of exhaustion is an agency other than the US Marshals Service. **The action is dismissed without prejudice as to all Counts for failure to exhaust, but Plaintiff must file a new suit after he exhausts his administrative remedies to pursue those claims.**

(Doc. 22) (emphasis added). The second motion was dismissed as moot when the Court granted White's request to amend it by replacing it with the third motion. (Doc. 26). The third motion was otherwise denied on March 7, 2018. (*Id.*).

### Motion for Relief from Judgment Pursuant to Rule 60(b)(6)

Almost two years later on February 10, 2020, White filed his fourth motion--this time attacking the dismissal of his claims on exhaustion grounds. (Doc. 27). He cited *Censke v. United States*, 947 F.3d 488 (7th Cir. 2020), a decision of the Seventh Circuit Court of Appeals holding, as a matter of first impression, that the prison mailbox rule extends to administrative filings made under the FTCA. The prison mailbox rule provides that an inmate's filings are considered filed upon delivery to prison officials for mailing, rather than upon receipt by the Court. *Id.* at 492. White asserts that the Court erroneously dismissed his claims based on its failure to apply the prison mailbox rule to his administrative filings. He requests retroactive application of *Censke* to his case. (*Id.* at 2). White maintains that the district court made the same error in one or more other cases and caused him to incur three strikes pursuant to 28 U.S.C. § 1915(g). (*Id.*).

2

**Discussion**

White filed his Motion pursuant to Rule 60(b)(6).  Rule 60(b) authorizes the Court to relieve a party from a final judgment, order, or proceeding for the following reasons:

(1)   Mistake, inadvertence, surprise, or excusable neglect;

(2)   Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)   Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)   The judgment is void;

(5)   The judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)   Any other reason that justified relief.**

*See* FED. R. CIV. P. 60(b)(1)-(6) (emphasis added).

Relief under Rule 60(b) is only available in "extraordinary circumstances." *Ackermann v. United States*, 340 U.S. 193 (1950).  The reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal.  *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

The Seventh Circuit's decision in *Censke* does not amount to extraordinary circumstances that warrant relief under Rule 60(b)(6). White could have challenged the Court's application (or misapplication) of the prison mailbox rule to his FTCA claims on direct appeal more than three years ago. He either declined to file an appeal or missed the opportunity to do so. Regardless, he cannot rely on *Censke* to belatedly appeal the dismissal of his case.

Federal Rule of Appellate Procedure 4(a)(1) sets deadlines for appeals. The rule grants most losing parties thirty days to appeal. FED. R. APP. P. 4(a)(1)(A). Where the defendant is the United States, as here, the losing party has sixty days to appeal. FED. R. APP. P. 4(a)(1)(B)(i). The time may be extended, for good cause, for motions filed before the expiration of the original deadline, or for excusable neglect, for motions filed later. FED. R. APP. P. 4(a)(5). Once the deadline expires, however, the right to appeal is extinguished. An Amended Judgment was entered in this matter on August 10, 2017, so the time to appeal the dismissal of this case expired years ago. (Doc. 10).

The Supreme Court and Seventh Circuit have long disapproved of the use of Rule 60(b)(6) to provide a second chance at an appeal. *See Norgaard v. DePuy Orthopaedics, Inc.*, 121 F.3d 1074, 1076 (7th Cir. 1997) (citing *Ackermann v. United States*, 340 U.S. 193 (1950)). In the context of changes in the law, the Seventh Circuit observed: "Litigants who want to take advantage of the possibility that the law may evolve—or who seek to precipitate legal change—must press their positions while they have the chance. If the law of the circuit is against the litigant . . . the party still may appeal and ask the court to modify or overrule the adverse decision, or ask the Supreme Court to reverse the court of appeals." *Id*. at 1077. White had the chance and did not take it. The Seventh Circuit's decision in *Censke* does not present the type of rare scenario that warrants extraordinary relief under Rule 60(b)(6) in this particular case.

Contrary to his assertion, White did not receive a strike for the dismissal of this case. (*See* Docs. 15, 16, 22). In the Seventh Circuit, dismissal of an action for failure to exhaust administrative remedies does not result in a "strike." *See Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010). His reliance on Eleventh Circuit principles to reach this conclusion is misplaced. And, to the extent White believes he was prejudiced in other lawsuits, he must file a motion in the relevant case if he would like the Court to address his claim(s).

## Disposition

**IT IS HEREBY ORDERED** that the Motion for Relief from Judgment Pursuant to Rule 60(b)(6) (Doc. 27) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 14, 2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. District Court**